**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 MAY 24  P 4: 37

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

UNITED STATES OF AMERICA

v.

WILLIAM KING,                                        Criminal Action No. TDC-05-0203

Defendant.

**MEMORANDUM ORDER**

Defendant William King has filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. §

3582(c)(1)(A)(i) and Section 403 of the First Step Act.  On April 7, 2006, a jury convicted King

of 32 counts of a 33-count Superseding Indictment.  Specifically, the jury returned guilty verdicts

on:  one count of conspiracy to interfere with commerce by robbery and extortion, in violation of

18 U.S.C. § 1951 (Count 1); one count of conspiracy to possess with intent to distribute narcotics,

in violation of 21 U.S.C. § 846 (Count 2); one count of conspiracy to possess firearms in

furtherance of a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(o)

(Count 3); nine counts of possession with intent to distribute narcotics, in violation of 21 U.S.C. §

841(a)(1) (Counts 4, 5, 7, 8, 14, 18, 22, 26, and 30); seven counts of interference with commerce

by robbery and extortion, known as Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts

10, 12, 16, 20, 24, 28, and 32); and 13 counts of possession of a firearm in furtherance of a crime

of violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 6, 9, 11, 13,

17,19, 21, 23, 25, 27, 29, 31, and 33).  ECF No. 85.

On June 16, 2006, United States District Judge J. Frederick Motz sentenced King to 121

months of imprisonment on Counts 1-3, 5, 7-8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, and 32,

to run concurrently; 60 months of imprisonment on Count 4, to run concurrently to the 121-month

sentences; 60 months of imprisonment on Count 6, to run consecutively to the sentences on Counts 1-3, 4, 5, 7-8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, and 32; and 25 years of imprisonment on each of Counts 9, 11, 13, 17, 19, 21, 23, 25, 27, 29, 31, and 33, to run consecutively to each other and any other sentence imposed, for a total term of imprisonment of 3,781 months or 315 years and one month.   In 2014, pursuant to 18 U.S.C. § 3582(c)(2), the 121-month sentences were reduced to 78-month sentences.  ECF No. 147.

The Motion is fully briefed, and the parties agree that no further hearings are required.  For the reasons set forth below, the Motion will be GRANTED IN PART and DENIED IN PART.

## DISCUSSION

King seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that there are "extraordinary and compelling reasons" for a reduction under that provision based on: (1) the changes in the law that render his original 315-year sentence substantially higher than a sentence that would be imposed today; and (2) the COVID-19 pandemic.

## I.    Legal Standard

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018).  This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A).  Under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentence reduction directly from the Court.  The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)    in any case that—

(A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i)    extraordinary and compelling reasons warrant such a reduction;

*  *  *

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). There is no dispute that King has satisfied the requirement of exhaustion of administrative remedies. Although the Government has argued that sentence reductions under this provision are limited by the existing policy statement in the United States Sentencing Guidelines ("the Guidelines"), U.S.S.G. § 1B1.13, the United States Court of Appeals for the Fourth Circuit has held that because that policy statement pre-dates the FSA and thus cannot be deemed to apply to the new regime under which district courts may grant compassionate release absent a request from the BOP, "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

## II.    Extraordinary and Compelling Reasons

### A.    Stacked § 924(c) Sentences

King argues that there are extraordinary and compelling reasons for a sentence reduction because his total original sentence of 315 years, even as modified in 2014, reflects the result of

3

"the now-defunct stacking provisions of § 924(c)" that no longer apply after the passage of the FSA and now is significantly higher than the sentence he would have received "under the modern statutory scheme." Mot. at 7-8, ECF No. 174. Prior to the FSA, and at the time of the prosecution and sentencing of King, the Government could and would charge defendants with multiple § 924(c) counts for possessing, using, carrying, brandishing, or discharging a firearm during and in relation to a crime of violence or drug trafficking offense, based on different incidents within the same criminal episode, and after the first § 924(c) count, which would require a mandatory consecutive sentence of five, seven, or ten years depending on how the firearm was used, each of the additional § 924(c) counts would be subject to a mandatory 25-year consecutive sentence. 18 U.S.C. § 924(c)(1)(C) (2012). Section 403 of the FSA ("FSA § 403") limited the applicability of such 25-year sentences to violations "that occur[red] after a prior conviction under this subsection ha[d] become final," FSA § 403, such that they would not apply to multiple § 924(c) charges in the same prosecution of a first-time § 924(c) offender. FSA § 403(a). In *McCoy*, the Fourth Circuit upheld the granting of a sentence reduction based on the "extraordinary and compelling reason" that the defendant's sentence "would be dramatically shorter today" in light of "the First Step Act's elimination of sentence-stacking" under 18 U.S.C. § 924(c). *McCoy*, 981 F.3d at 275, 284-85. More broadly, the court held that district courts may consider as "extraordinary and compelling reasons" that there is a "gross disparity between" the defendant's sentence and "sentences Congress now believes to be an appropriate penalty for the defendant['s] conduct" and that the defendant's sentence is of a magnitude that "Congress itself views as dramatically longer than necessary or fair" under existing law. *Id.* at 285-86. Where King has requested a sentence reduction on the very same basis addressed in *McCoy*, the Court has the authority to grant it.

Here, a sentencing reduction is warranted. Under present law, the 13 stacked § 924(c) charges against King would not have resulted in 25-year mandatory consecutive sentences and instead would have been resulted in only 5-year sentences on each count. *See* FSA § 403(a); 18 U.S.C. § 924(c)(1)(C). Further, under present practice in this District, the Government almost certainly would not have charged 13 different § 924(c) charges in the same prosecution and instead likely would have charged only a single § 924(c) count. Thus, the likely Guidelines range would have been 78 to 97 months on the non-§ 924(c) counts, as modified in 2014, and 60 months on the consecutive § 924(c) count, for a total Guidelines range of 138-157 months. Even if additional § 924(c) counts were charged in this particular case, where those counts would presently result in only five-year mandatory consecutive sentences, the result would be a gross disparity between King's sentence and the sentence he would receive under present circumstances. This disparity is far greater than the difference at issue in *McCoy*, in which the court found "extraordinary and compelling reasons" for a sentence reduction where a defendant charged with a series of 12 robberies had pleaded guilty to two counts of Hobbs Act robbery under 18 U.S.C. § 1951(a) and two § 924(c) counts, resulting in a mandatory consecutive sentence of 32 years and a total sentence of more than 35 years. *See McCoy*, 981 F.3d at 277, 288.

The Court concludes that King has presented "extraordinary and compelling reasons" arising from the gross disparity between his sentence of over 300 years based on the stacked § 924(c) counts and the sentence he would receive if sentenced today that warrant a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

### B.      COVID-19

King also argues that the COVID-19 pandemic presents "extraordinary and compelling reasons" that warrant a reduction in his sentence to time served. This Court has previously found

that the fact that an inmate is at high risk for death or severe illness from COVID-19 based on age, medical conditions, or other factors, particularly when coupled with the fact that the inmate is incarcerated within a prison in which there is imminent risk of exposure to COVID-19, could establish "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) that could justify a reduced sentence or release.

Here, however, King, who is 51 years old, has not identified any condition that places him at increased risk for severe illness from COVID-19.  Moreover, although the Federal Correctional Institution in Bennettsville, South Carolina ("FCI-Bennettsville"), at which King is incarcerated, previously had a substantial number of cases of COVID-19, it presently has only one active case of COVID-19. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited May 17, 2021).  At this point, 597 inmates and 120 correctional staff at FCI-Bennettsville have already been vaccinated.  *See* Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last visited May 17, 2021).  Accordingly, the Court does not find that there are extraordinary and compelling reasons for a sentence reduction based on the COVID-19 pandemic.

## III.   Sentence Reduction

King has requested a sentence reduction to time served, which would consist of a sentence of approximately 16 years and one month.  After the 2014 modification, the Guidelines range on the non-§ 924(c) counts was 78 to 97 months, before consideration of any mandatory consecutive sentences for § 924(c) counts.  The Government, however, argues that to the extent there is a sentence reduction, it should result in a sentence of 65 years and one day, with five-year consecutive sentences on each of the charged § 924(c) counts.  As discussed above, under present

practice in this District, the addition of 13 § 924(c) counts on a single defendant in a single prosecution would almost certainly not occur, so the Court rejects the Government's approach.

Rather, in considering the appropriate sentence reduction, the Court considers not only the Guidelines range, but also the sentencing factors under 18 U.S.C. § 3553(a). The nature and circumstances of this offense were particularly egregious. King and Murray were corrupt Baltimore City police officers engaged in an extensive scheme to abuse their authority as police officers to rob drug dealers, arrange for the sale of their drugs, and receive a share of the profits. Beyond the number of incidents, the presence of firearms, and the trafficking in controlled substances during those offenses, this crime is particularly heinous because of the betrayal of the public trust that Defendants perpetrated. By violating their oath and using their badges to commit rather than thwart crimes, Defendants contributed to a culture of corruption in the Baltimore City Police Department during the relevant time period that has had extremely detrimental effects on the community. Given the nature of this offense, even under present circumstances, a severe sentence is necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide deterrence to other officers, and protect the public from further crimes.

This conclusion remains true even upon consideration of the history and circumstances of the defendant. As a police officer, King had no prior criminal record, and he had served honorably in the United States Army. Since being imprisoned, King has had no significant disciplinary record, he has taken numerous self-improvement courses, and he continues to have the strong support of family members.

The Court also considers the perspective of the trial and sentencing judge, who was better situated to evaluate both the nature and circumstances of the offense and the history and characteristics of the defendant. At the time of sentencing, Judge Motz stated that the 315-year

7

sentence that he was required to impose "is absolutely disproportionate to the wrong that was committed, although the wrong that was committed was certainly a very serious one." Sentencing Hrg. Tr. at 25, ECF No. 174-1. He stated that in the absence of the constraints imposed by mandatory consecutive sentences on the stacked § 924(c) counts, he would have imposed a substantially lower sentence. He stated, "I frankly think this case should have been considered in the range of the low end of the guidelines, the top end of the guidelines, plus a five year consecutive." *Id.* at 30. At the time, the high-end of the Guidelines range was deemed to be 151 months, which would have resulted in a total sentence of 211 months. At another point, he stated that even with two § 924(c) counts—the first with a five-year mandatory minimum consecutive sentence and the second, stacked § 924(c) count requiring an enhanced 25-year consecutive sentence—he would likely sentence King to 30 years and one day, consisting of the 30 years of mandatory minimum sentences and one day on the remaining counts, which he stated "certainly would be fully sufficient in this case." *Id.* at 23. Thus, although the Guidelines range was later reduced, at the time of sentencing, Judge Motz viewed the appropriate sentence as falling somewhere between 211 and 361 months. This range also roughly corresponds with the types of sentences presently imposed in comparable police corruption cases in this District.

Upon consideration of the egregious nature of the offense, the personal circumstances of the defendant, the remaining § 3553(a) factors, the perspective of the trial and sentencing judge, and how this type of offense would be charged and sentenced in the present day, the Court will grant a sentence reduction to a total sentence of 20 years, or 240 months, which addresses the extraordinary and compelling reasons that warrant a sentence reduction and is sufficient but not greater than necessary to meet the purposes of sentencing.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1.    King's Motion to Reduce Sentence, ECF No. 174, is GRANTED IN PART and
      DENIED IN PART.

2.    The Motion is granted in that, pursuant to 18 U.S.C. § 3582(c)(1)(A), King's
      sentence is reduced to a total term of imprisonment of 240 months, as set forth in
      the separate Amended Judgment.  The Motion is otherwise denied.


Date:   May 24, 2021

                                        THEODORE D. CHUANG
                                        United States District Judge